BESSIE CRANDALL & others *vs.* MARGARET AHERN.

Worcester.    September 30, 1908. — October 21, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Trust*, Construction.  *Deed.  Husband and Wife.  Words*, " Their heirs at law."

Land was conveyed by deed to a trustee "to pay over to" his father and mother, "during their joint lives and then to the survivor, during the life of the survivor, the rents and profits, or at their —— allow them to occupy said estate and at the decease of the said survivor convey said premises to their heirs at law."  The trustee died in 1874, leaving his father as his only heir at law.  The trustee's mother died in 1885, and his father married again and died in 1907.  There

was no issue of the second marriage. Children and grandchildren of the first marriage petitioned to have the title of the land registered, and the second wife of the trustee's father contended that the words "their heirs" in the deed should be construed to mean "his or her heirs" and that she was entitled to an equitable interest as the widow of the trustee's father. The Land Court ruled that the respondent had no equitable interest in the premises. *Held*, that the ruling of the Land Court was correct, since the words "their heirs at law" meant the heirs of both the trustee's father and mother, and not of the survivor of them.

Where the legal title to land is held by a husband in trust for others, it does not descend to his wife as one of his statutory heirs.

PETITION, filed in the Land Court on October 7, 1907, for the registration of certain land in Milford.

There was a hearing before *Davis*, J., who found that the land in question was conveyed in 1873 by one Flagg to Michael H. Ahern in trust, as stated in the opinion; that the trustee died in 1874 leaving his father, David Ahern, as his only heir; that no new trustee ever was appointed; that Ellen Ahern, wife of David, died in 1885, and thereafter David married the respondent Margaret, and died in 1907, leaving her surviving him; that at the time of the filing of the petition there were living children and grandchildren of David and Ellen, who were the petitioners, but that there never was any issue of David by his marriage with the respondent.

The respondent in support of her contention argued that the words "their heirs at law" in the trust deed should be construed to mean "his or her heirs at law"; and that on the death of the trustee the real estate vested in his heir, David, and, on the death of Ellen, merged with the entire equitable estate.

The judge ruled that the respondent had no interest in the premises, and the respondent appealed.

The case was submitted on briefs.

*J. B. Ratigan & J. E. Swift*, for the respondent.

*J. C. Lynch*, for the petitioner.

LORING, J. By the terms of the deed under which both plaintiff and defendant claim to be entitled, the trustee was to hold the land in question in trust "to pay over to David Ahern and Ellen Ahern, wife of David, during their joint lives and then to the survivor, during the life of the survivor, the rents and profits, or at their —— allow them to occupy said estate and

at the decease of the said survivor convey said premises to their heirs at law."

The respondent's contention is that the words " to their heirs at law " are to be construed " to the heirs at law of the survivor." But we see no reason for departing from the meaning of the words used in the deed.   The words " their heirs at law " mean the heirs at law of both David and Ellen, and not the heirs at law of either alone.   The respondent took no equitable interest under this deed.

It seems to have been conceded by the respondent that she did not take the legal title which came to her husband upon the death of his son, the trustee named in the deed.   We are of opinion that where the legal title to land is held by a husband in trust for others it does not descend to his wife as one of his statutory heirs. In such a case R. L. c. 140, § 3, and the rule acted upon in *International Trust Co.* v. *Williams*, 183 Mass. 173, do not apply.

*Exceptions overruled.*